Truax, J:
“The plaintiffs say in the brief handed up by theifi counsel on the trial that (in no sense is this a creditors’ action, but that it is an action by a bona fide owner of a chose in action to cancel or declare void as to the plaintiffs, a certain pretended assignment of such chose in action, which antedates an assignment of the same chose in action to the plaintiffs, on the ground that the prior or earlier assignment is affected by fraud and collusion, is a fraud upon plaintiff’s title, and is about to be fraudulently and collusively used and applied to the prejudice and injury of the plaintiffs as bona fide purchasers and-owners of the chose in action.
“ The evidence offered on the trial shows that Post & Evans were the owners of a certain chose in action; that Post assigned and delivered his interest to Evans; that Evans assigned the chose in action to the defendant, Augusta Evans, and that after the assignment to the defendant Evans, the firm of Post & Evans assigned said chose in action to the plaintiffs, who were ignorant of the assignment to the defendant.
“ If these were the only facts in the case there would be no grounds for this action, because it is well settled in this state, that as between different assignees of a chose in action.by express assignment from the same person, the one prior in point of time will be protected, though he have given no notice to either the subsequent assignee" or to the debtor. Williams v. Ingersoll, 89 N. Y. 523, and cases there cited. It is true there was a suggestion made by the counsel for the plaintiffs at the trial that the assignment to plaintiffs was delivered before the assignment to the defendant, Evans, but there was no evidence of that fact. There is no more reason for presuming that the assignment to the defendant was delivered after the assignment to the plaintiffs than there is that it was delivered before the assignment to the *545 plaintiffs, and if the plaintiffs .wish to succeed in this action on the ground that their assignment was in point of fact prior to the assignment to the defendant, Evans, they should have proved it. Moreover, the law presumes, there being no evidence to the contrary, that the assignment to the defendant, Evans, was delivered on the day of its date. People v. Snyder, 41 N. Y. 402; 1 Phillips on Ev., 644 (5 Am. ed.).
“ If the plaintiffs can maintain this action at all, it is on the ground that the defendant, Evans, has been es-topped by her actions from claiming that her assignment is prior to that of the plaintiffs’. The evidence on which plaintiffs base their claim of estoppel is as follows: The defendant, Evans, was aware of the fact that the firm of Post & Evans was insolvent, and after the assignment to her, Mr. Post, of the firm of Post & Evan, submitted a paper to her, which he told her he proposed to submit to Mr. Evans with the view of closing up the partnership affairs. This paper was a proposed agreement of dissolution of the copartnership of Post & Evans and contained an assignment of all the assets of the firm of Post & Evans to Mr. Post, and providing that after payment of the debts of the firm of Post & Evans, the assets remaining should be divided share and share alike between the members of the firm of Post & Evans. Among the assets mentioned in the inventory referred to and attached to the proposed agreement was the chose in action which furnishes the ground of this action. It was further provided that Evans should have the right to draw $25 a week. Attached to this proposed agreement was a paper (unsigned) which purported to assign to the defendant, Evans, the above mentioned sum of $25 a week and Evans’ share of the surplus of the firm’s assets as his individual property and for her sole use and benefit. The defendant read the inventory carefully and made no objection to it. She was afterwards told that the firm of Post & Evans had made a settlement with the plaintiffs and that they *546 had agreed to take the assets of Post & Evans on account of what was owing to them, and had also agreed to pay the debts of Post & Evans. This was before the assignment (which is the agreement above referred to) to plaintiffs was executed; to this the plaintiff made no objection. The agreement giving the defendant the $25 a week ,and one half the surplus of the assets of Post & Evans never was executed.
“ Some months after the assignment to the defendant, and before the assignment to the plaintiffs, she was present at a conversation between the plaintiffs and Mr. Post, of the firm of Post & Evans, at which conversation it was stated, in substance, that the Seabury claim was an asset of that firm and she made no objection.
“ I do not think that these facts constitute an estoppel. The defendant had a right to suppose that if the claim against Seabury became asset of the firm of Post & Evans it should only become such asset on the execution of the paper giving her $25 a week and one half the surplus of the firm’s assets, and it may well be that, in that event, she was willing to part with her interest in the Seabury claim.
“ She is not estopped as to Mr. Post, of the firm of Post & Evans, because the agreement of dissolution above mentioned never was executed. She is not estopped by her silence in the conversation between her and Mr. Louis F. Post, because Mr. Post parted with nothing on the faith of that silence, and plaintiffs cannot claim an estoppel, because she did not know, nor had she any reason to believe that the conversation would be repeated to them.”
The Court at General Term, said:—“
The record shows no error in the exclusion of evidence, and the complaint was properly dismissed because the evidence which was given wholly failed to establish a cause of action. The reasons given by the learned judge below for that disposition of the case are in the main correct. *547 But as no findings were made in favor of the defendant, the dismissal should not have been on the merits.”
Samuel Ashton, for appellants.
John S. Durand, for respondent.
Opinion Per Curiam.
The judgment appealed from modified by striking out the words “ upon the merits,” and as thus modified affirmed without costs to either party on the appeal."